# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> LEE ELBAZ, a/k/a "Lena Green," <br>     Defendant. | Criminal Action No. TDC-18-0157 |
| UNITED STATES OF AMERICA, <br> v. <br> LIORA WELLES, a/k/a "Lindsay Cole," a/k/a "Lindsay Taylor,"  a/k/a "Lindsay Wells," <br>     Defendant. | Criminal Action No. TDC-18-613 |
| UNITED STATES OF AMERICA, <br> v. <br> YAIR HADAR, a/k/a "Steven Gold," <br>     Defendant. | Criminal Action No. TDC-19-108 |
| UNITED STATES OF AMERICA, <br> v. <br> SHIRA UZAN, a/k/a "Emily Laski," <br>     Defendant. | Criminal Action No. TDC-18-608 |
| UNITED STATES OF AMERICA, <br> v. <br> AUSTIN SMITH, a/k/a "John Ried," <br>     Defendant. | Criminal Action No. TDC-19-87 |
| UNITED STATES OF AMERICA, <br> v. <br> LISSA MEL, a/k/a "Monica Sanders," <br>     Defendant. | Criminal Action No. TDC-18-571 |

## MOTION BY THE UNITED STATES FOR ADDITIONAL TIME TO IDENTIFY VICTIMS FOR PURPOSES OF RESTITUTION

The United States, by and through the undersigned attorneys, respectfully requests that this Court enter an Order in each of the above-captioned cases allowing the government additional time

to identify specific victims for purposes of restitution, pursuant to 18 U.S.C. §3664(d)(5).  The government has also set forth a proposed restitution framework that the government believes should be used in the above-captioned cases.  On September 12, 2019, this Motion was docketed in the case U.S. v. Elbaz, No. TDC-18-0157, but was inadvertently not docketed by the government in the related above-captioned cases.  The government is now filing this Motion in those cases.  In support of this Motion, the government submits as follows:

### Legal Standard

Under 18 U.S.C. § 3664(f)(1)(A) of the Mandatory Victims Restitution Act ("MVRA"), the Court must determine the amount of restitution "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant[s]."  The Supreme Court has found that the MVRA "seeks primarily to ensure that victims of a crime receive full restitution."  *United States v. Dolan*, 560 U.S. 605, 612 (2010).  Consistent with the procedural requirements of the MVRA, the government is required, "after consulting, to the extent practicable with all identified victims," to "promptly provide the probation officer with a listing of the amounts subject to restitution."  18 U.S.C. 3664(d)(1).  The MVRA further provides that, "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing," the "court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."  18 U.S.C. § 3664(d)(5).

### Background

The government believes that the binary options scheme perpetrated by Lee Elbaz and her co-conspirators caused losses in excess of $100 million to tens of thousands of victims throughout the United States and the rest of the world.  For example, Exhibit 30.1, an attachment to an internal Yukom email that went to Elbaz and other co-conspirators, showed a collective $110,303,678 in

net deposits, including $37,264,521 net deposits from investors in the United States, and 86,674 "FTDs" or first-time deposits for BinaryBook and BigOption as of May 2016. The government intends to offer evidence at sentencing that the actual "net deposits" made by victims of the scheme exceeded $140 million. These net deposit figures represent the actual losses to individual investors—the money they sent to Yukom and its affiliates, minus any money they were able to withdraw from the scheme.

### The Government's Proposed Restitution Framework

The government is continuing to identify as many of these victims as possible and quantifying their respective losses for purposes of restitution. Given the number of victims and the complexity of the scheme, including many victims who had multiple account numbers, this is a time-consuming process that is still ongoing. The government has been identifying victims through financial records, BinaryBook and Big Option account numbers, and through victim complaints. The government has also been providing notice of updates in the case to victims of the scheme through alternative notification procedures—namely, publication on a Department of Justice website—because it believes that there are a large number of potential crime victims in this case, making it impracticable to notify them on an individualized basis.

Moreover, as this Court is aware, there are five former Yukom employees who have recently pleaded guilty to defrauding investors, in addition to Lee Elbaz, who was recently convicted at trial for her role in the scheme at Yukom.[1] As part of their plea agreements, the government has agreed with each of these five additional defendants as to a loss figure, reflecting the actual loss attributable to each defendant from his or her role in the scheme. All of these defendants may be held jointly and severally liable for restitution as a result of their participation

---

[1] The five additional defendants are Lissa Mel, Shira Uzan, Yair Hadar, Leoria Welles, and Austin Smith.

3

in the scheme. *See United States v. Berkowitz*, 732 F.3d 850, 853 (7th Cir. 2013) (concluding co-conspirator is jointly and severally liable for losses caused by his or her co-conspirator); *United States v. Gomes*, 605 F. App'x 147, 149 (4th Cir. 2015) (affirming restitution award holding co-conspirator jointly and severally liable for losses caused by co-conspirators).  However, the government believes that for Elbaz's co-conspirators who largely reported to her and who have pleaded guilty, it is appropriate for the Court to cap their liability for restitution to correspond with the loss that the parties have agreed was caused by each defendant. *See United States v. Smith*, 513 F. App'x 43, 45 (2d Cir. 2013) (noting district court's "discretion to apportion liability among Smith and her coconspirators or to hold Smith jointly and severally liable for the full loss caused by the conspiracy.").

In contrast, the government respectfully submits that Elbaz, who managed and oversaw the entire scheme, should be held liable for the entire restitution amount, an issue the government intends to fully brief in advance of Elbaz's sentencing hearing.  In sum, the government respectfully submits that the appropriate structure for restitution in this case is to identify the overall restitution figure for the scheme directed by Defendant Elbaz and order that each defendant is jointly and severally liable for the restitution amount *up to* the actual losses attributable to that defendant.  The government intends to present the Court with a restitution schedule reflecting the victims of the entire scheme, which will allow the Court to use a single restitution schedule for all of the defendants.  For the Court's reference, a table including the respective loss and proposed restitution figures for each of the cooperating defendants is included below.

| **Defendant** | **Case Number** | **Loss / Restitution** |
|---|---|---|
| Lissa Mel a/k/a Monica Sanders | TDC 18-cr-571 | $288,024 |
| Shiar Uzan a/k/a Emily Laski | TDC 18-cr-608 | $1,819,595 |

| Yair Hadar a/k/a Steven Gold | TDC 19-cr-108 | $1,200,000 |
| Leoria Welles a/k/a Lindsay Taylor, Lindsay Wells, Lindsay Cole | TDC 18-cr-613 | $2,395,310 |
| Austin Smith a/k/a John Ried | TDC 19-cr-87 | $486,199 |

Accordingly, the government respectfully requests that this Court enter an order allowing the government additional time to identify victims for purposes of restitution, and to prepare a final schedule and restitution amount for the Court. Allowing the government additional time to identify particular victims will not prejudice any defendant or delay sentencing, as the Court is entitled to delay entry of a restitution order, pursuant to the MVRA. Such an order will simply allow the government the opportunity to identify victims of the defendants' fraudulent scheme and fairly distribute any funds the government receives in restitution payments. The government has consulted with counsel for defendants Welles, Hadar, and Smith, and they do not oppose the relief sought in this Motion.

The government respectfully requests that this Court enter an Order setting a date of November 7, 2019 for the government to submit a restitution schedule.[2]

Dated: September 20, 2019

---

[2] Under the MVRA, the Court may set a date for final determination of restitution not more than ninety days after sentencing. 18 U.S.C. § 3664(d)(5). Based on Lissa Mel's sentencing, the statutory deadline for this final determination is November 21, 2019. Therefore, the government respectfully requests submits that a November 7, 2019 deadline, two weeks before the November 21, 2019 final determination, is an appropriate deadline to provide a final schedule.

        Respectfully submitted,

        ROBERT A. ZINK
        Chief, Fraud Section
        Criminal Division
        U.S. Department of Justice

By:     /s/
        L. Rush Atkinson, Trial Attorney
        Caitlin R. Cottingham, Trial Attorney
        Henry P. Van Dyck, Deputy Chief
        Fraud Section, Criminal Division
        U.S. Department of Justice
        1400 New York Ave. NW
        Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 20, 2019, I caused the foregoing document to be electronically filed with the Clerk of Court for the United States District Court for the District of Maryland by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

            By:   /s/
               Caitlin Cottingham, Trial Attorney
               Fraud Section, Criminal Division
               U.S. Department of Justice